UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| v. | ) | CRIMINAL ACTION |
| | ) | NO. 16-10124-WGY |
| CARLOS A. RAFAEL, | ) | |
| Defendant. | ) | |

YOUNG, D.J.                                           October 31, 2017

**MEMORANDUM**

On October 25, 2017 the government moved for reconsideration (Docket No. 262) of this Court's Memorandum and Order Concerning Forfeiture (Docket No. 254). Having fully considered the matters there raised, and concluding they were without merit, the Court denied the motion that same day. (Docket No. 263).

One aspect of the motion, however, deserves further consideration. In a footnote, the government seeks not reconsideration but clarification. The Court clarifies that the order for forfeiture of the four vessels includes **all** the permits pertaining to those four vessels.

While I'm at it, just a few words concerning the denial of the motion for reconsideration may be in order. Nothing further need be said about using the maximum applicable guidelines fine

as the basis for calculating proportionality. That matter has been fully addressed.

The government also faults the Court for not addressing U.S.S.G. §5E1, 2(C)(3)(Fine Table) Commentary Note 4 providing (in appropriate circumstances) for the use of "twice the amount of gain or loss resulting from the offense" and making that result the basis for calculating proportionality.

There are two major problems with this argument:

First, there is the issue of waiver. No one raised this argument until the motion for reconsideration. Indeed, in the plea argument, the government's sentencing memorandum, and throughout the lengthy sentencing hearing, the government took the position that $200,000 was the maximum guidelines fine applicable in this case. And well it should have.

Now, in seeking reconsideration, for the first time the government starts talking about "twice the gain" as the appropriate starting point and goes on to posit that the **market value** of fish involved in the offense conduct is the same as the **gain** to Rafael. This won't wash. It is undisputed that the actual monetary gain to Rafael from his illegal conduct was far, far less than the ultimate market value of the fish involved. Moreover, the government has provided this Court no adequate evidence from which that gain might be computed.

Simply put, "market value" is not "gain." As Justice Holmes put it so well, "[a] word is not a crystal, transparent and unchanged, it is the skin of a living thought and may vary greatly in color and content according to the circumstances and the time in which it is used." Towne v. Eisner, 245 U.S. 418, 425 (1918) (Holmes, J.). Here, to get its own way, the government appears to prefer Humpty Dumpty[1] to Holmes. We have not gone so far in the courts – yet.

For these reasons the Court denied the motion for reconsideration.

By the Court,

*William G. Young*
WILLIAM G. YOUNG
DISTRICT JUDGE

---

[1] 'When **I** use a word,' Humpty Dumpty said, in rather a scornful tone, 'it means just what I choose it to mean — neither more nor less.'

>'The question is,' said Alice, 'whether you **can** make words mean so many different things.'

>'The question is,' said Humpty Dumpty, 'which is to be master — that's all.'

Lewis Carroll, Through the Looking-Glass (1871).